IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA MARIE DAVIES,                )
                                  )
    Plaintiff,                    )
                                  )
  -vs-                            )    Civil Action No. 15-1194
                                  )
CAROLYN W. COLVIN,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
    Defendant.                    )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Tina Marie Davies ("Davies") appeals an ALJ's denial of her claim for disability insurance benefits ("DIB")[1] and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-403,1381-1383. Davies applied for benefits on November 18, 2011 alleging a disability beginning on January 1, 2009. (R. 17) She alleges a number of impairments, including, hepatitis C, obesity, spinal issues, depression and anxiety and a substance use disorder in remission. (R. 21) The ALJ conducted two hearings, consulting with both a vocational expert and a medical expert. (R. 17) He subsequently denied Davies' claim, concluding that she retained the residual functional capacity ("RFC") to perform light work with certain restrictions (R. 25) Davies appealed. Pending are Cross Motions for Summary Judgment. *See ECF Docket Nos.* [11] and [13]. After careful consideration and for the

---

[1] For purposes of DIB, Davies' insured status expired on March 31, 2010. (R. 18, 421) Accordingly, to recover disability insurance benefits, she must demonstrate that she was disabled between January 2009 and March 31, 2010.

1

reasons set forth below, this case is affirmed.

## **Legal Analysis**

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, apps. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. the claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>The Treating Physician's Doctrine</u>

Davies urges that in rejecting the reports of her treating psychiatrists and the consultative evaluator's in favor of the opinion offered by Dr. Gitlow, the ALJ violated the "treating physician doctrine." The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to that of a non-examining source. 20 C.F.R. § 416.927(c)(1). Additionally, the ALJ typically will give more weight to opinions from treating physicians, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from the reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* If a treating physician's opinion is not given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. 20 C.F.R. § 416.927(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." 20 C.F.R. § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(c)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010).

The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 416.927(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions on disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-4 (3d Cir. 2008). "It is not for this Court to reweigh the medical opinions in the record but rather to determine if there is substantial evidence to support

5

the ALJ's weighing of those opinions." *Lilly v. Colvin*, Civ. No. 13-1561, 2016 WL 1166334 (D. Del. March 23, 2016), *citing, Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986).

Against this backdrop, I find that the ALJ was entitled to give greater weight to the opinion rendered by Dr. Gitlow and that substantial evidence supports his decision to do so. The ALJ explained that he afforded greater weight to the opinion rendered by Dr. Gitlow because: (1) Dr. Gitlow is "a highly qualified medical expert in the area of psychiatry and addiction disorders"; (2) he was able to review the entire longitudinal medical history and had "much better vantage point than any consultative examiner"; and (3) his critique of Dr. Houk's opinions was reasonable and persuasive. (R. 19, 27) The ALJ also noted that Dr. Gitlow's opinion was consistent with clinical findings observed during Davies' three terms of imprisonment. (R. 28) (noting that Davies exhibited "good hygiene, good eye contact, normal speech, normal thought content, no psychomotor abnormalities, no psychosis, no cognitive limitation, no suicidal thoughts, no homicidal thoughts, fair judgment, fair insight and a normal perception.") The ALJ also found that Dr. Houk's clinical findings were not supported by any documentation. (R. 19, 27, 28) The ALJ thus discharged his duty to explain why certain evidence was rejected and the Court finds that substantial evidence supports the ALJ's evaluation of the medical opinion evidence and his decision to give more weight to Dr. Gitlow's opinion.[2]

    3.    <u>Bias and a Full and Fair Hearing</u>

Davies urges that the ALJ was biased as evidenced by the "corrosive" and

---

[2] Davies challenges the ALJ's finding regarding residual functional capacity. Yet her argument is nothing more than a three paragraph rehashing of her argument that the ALJ erred in according Dr. Gitlow's opinion greater weight than that of the other opinions of record. For the reasons set forth above, I reject Davies' contentions regarding RFC.

"intimidating" statements he made during the hearing. Davies similarly objects to the ALJ's limiting counsel's time to question Davies during the hearing as well as his use of Dr. Gitlow as a witness despite counsel's objection. Clearly, a "Social Security claimant has the right to a fair hearing before an impartial ALJ." *Blasucci v. Colvin*, Civ. No. 13-5218, 2014 WL 5286526 at * 6 (D. N.J. Oct. 15, 2014), *citing, Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995). Indeed, "[d]ue process guarantees a full and fair hearing, with an unbiased Judge, such that a record may be constructed containing relevant information regarding a claimant's entitlement to social security benefits." *Klinger v. Barnhart*, 2003 U.S. Dist. LEXIS 12218, 2003 WL 21654994 (E.D. Pa. 2003). "However, the Court will presume that the ALJ was not biased unless a plaintiff shows that there was a conflict of interest or some other specific reason for disqualification." *Blasucci*, 2014 WL 5286526 at * 6, *citing, Schweiker v. McClure*, 456 U.S. 188, 195, 102 S. Ct. 1665, 72 L.Ed.2d 1 (1982). In this context, the following principles apply:

> [A]dministrative decision makers are entitled to the same "presumption of honesty and integrity" as judicial decision makers. … To disqualify a decision maker as personally biased, the bias must originate from a source independent of the decision maker's participation in the case. … "Furthermore, 'actual bias or a high probability of bias must be present before due process concerns are raised.'"

*Carter v. Astrue*, 2012 U.S. Dist. LEXIS 187062 at *19-20, 2012 WL 7783402 (E.D. Va. Oct. 16, 2012). Consequently, intemperate or rude comments do not necessarily infect a proceeding. *Id.*, at * 20. Davies bears the burden of overcoming the presumption of impartiality. *Schweiker*, 456 U.S. at 196. "A party asserting bias must show that the behavior of the ALJ was 'so extreme as to display clear inability to render fair judgment.'" *Roberson v. Colvin*, Civ. No. 13-1183, 2014 WL 4258306 at * 4 (W.D. Pa.

7

Sept. 26, 2014), *citing, Liteky v. U.S.*, 51 U.S. 540, 551, 114 S. Ct. 1147, 127 L.Ed.2d 474 (1994).

In this case, the transcript does not suggest that the ALJ was biased against Davies or her counsel in such a way as to infringe upon her due process rights. Instead, the ALJ's comments during the hearing offer a brief overview of how the remainder of the hearing would proceed. Further, the record indicates that counsel had ample time to question the claimant and that, after examining her at length, she remarked that she "had nothing further." (R. 69) This belies any contention that counsel was limited in her ability to question the claimant. In short, Davies has not offered any evidence of bias. Consequently, I reject her claim that the ALJ acted in some improper or biased manner.[3]

---

[3] Davies also suggests that the ALJ's use of Dr. Gitlow as a medical witness demonstrates bias. During the hearing, counsel for Davies indicated that the ALJ's "typical medical expert" was not competent – an apparent reference to Dr. Gitlow. (R. 103) Davies' argument is unpersuasive in this regard as she has not offered anything other than conjecture regarding Dr. Gitlow's alleged incompetence.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA MARIE DAVIES,  )
          Plaintiff,  )
  -vs-  )    Civil Action No. 15-1194
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 6th day of December, 2016, it is hereby ORDERED that the decision of the ALJ is affirmed and that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                                  BY THE COURT:
                                  /s/ Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge